## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARVRA CRAIG, JR., Individually and For Others Similarly Situated,<br><br>v.<br><br>CDM SMITH, INC. | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### SUMMARY

1. CDM Smith, Inc. (CDM) failed to pay Arvra "Sonny" Craig (Craig) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, CDM paid Craig and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek ("straight time for overtime").

3. Craig and the other workers like him were not paid a guaranteed salary so no white-collar exemptions apply.

4. Craig brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

7. CDM is headquartered in Boston, Massachusetts, in this District and Division.

## THE PARTIES

8. During the relevant period, Craig was an hourly employee of CDM.

9. Throughout his employment with CDM, Craig was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

10. Craig's written consent is attached herein as <u>Exhibit A</u>.

11. Craig brings this Action on behalf of himself and other similarly situated workers who were paid by CDM's "straight time for overtime" compensation scheme.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All current and former employees of CDM Smith during the past 3 years who were paid straight time for overtime (the Putative Class Members).**

13. Craig seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

14. The Putative Class Members can be readily identified by CDM's records.

15. CDM Smith may be served with process by serving its registered agent, CT Corporation, 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

## COVERAGE UNDER THE FLSA

16. At all times hereinafter mentioned, CDM was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, CDM was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, CDM was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. CDM has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

20. At all times hereinafter mentioned, Craig and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

21. CDM staffs workers to the energy and construction industry.

22. In order to provide services to its clients, CDM hires employees it pays on an hourly basis.

23. Craig worked for CDM as a costs estimator or project specialist.

24. Craig was staffed by CDM to FEMA.

25. Craig's job duties consisted of non-professional engineering work.

26. Regardless, Craig and the Putative Class Members were not paid on a salary basis so they were non-exempt under the FLSA.

27. The same pay practice was applied was applied by CDM to the Putative Class Members.

28. Craig was employed by CDM from September 2016 to January 2020.

29. Craig worked for CDM in Missouri, Nebraska, and Texas.

30. Craig was an hourly employee of CDM.

31. CDM paid Craig a flat hourly rate for every approved hour worked.

32. Craig reported the hours he worked to CDM on a regular basis.

33. If Craig worked under 40 hours, he was only paid for the hours he worked.

34. Craig would work more than 40 hours in a week.

35. Craig routinely worked 42-45 or more hours each week.

36. The hours Craig worked are reflected in CDM's payroll records.

37. CDM paid Craig the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

38. CDM did not pay Craig time and a half overtime for all hours worked in excess of 40 hours in a single workweek.

39. Rather than receiving time and half as required by the FLSA, Craig only received "straight time" pay for overtime hours worked.

40. This "straight time for overtime" payment scheme violates the FLSA.

41. Craig was not guaranteed a salary while working for CDM.

42. The Putative Class Members were not paid a guaranteed weekly salary.

43. CDM was aware of the overtime requirements of the FLSA.

44. CDM nonetheless failed to pay certain hourly employees, such as Craig, overtime.

45. Craig and the Putative Class Members perform substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person.

46. Craig and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

47. Craig and the Putative Class Members regularly worked in excess of 40 hours each week.

48. CDM did not pay Craig and the Putative Class Members on a salary basis.

49. CDM paid Craig and the Putative Class Members "straight time for overtime."

50. CDM has been sued for this straight time pay practice on multiple occasions.

51. CDM investigated the legality of its classification of Craig and the Putative Class Members as exempt from the overtime requirements of the FLSA.

52. As a result of that investigation, CDM reclassified employees staffed to FEMA as non-exempt and began paying time and a half overtime.

53. CDM was aware of the hours worked by Craig and the Putative Class Members.

54. CDM was aware Craig and the Putative Class Members worked in excess of 40 hours in a workweek.

55. CDM failed to pay Craig and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

56. CDM knew, or acted with reckless disregard for whether, Craig and the Putative Class Members were misclassified as exempt.

57. CDM's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

58. Craig incorporates the preceding paragraphs.

59. The illegal pay practices CDM imposed on Craig were imposed on the Putative Class Members.

60. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

61. Numerous other individuals who worked with Craig were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

62. Based on his experiences and tenure with CDM, Craig is aware that CDM's illegal practices were imposed on the Putative Class Members.

63. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

64. CDM's failure to pay overtime at the rates required by federal law result from applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

65. Craig's experiences are therefore typical of the experiences of the Putative Class Members.

66. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

67. Craig has no interests contrary to, or in conflict with, the Putative Class Members.

68. Like each Putative Class Member, Craig has an interest in obtaining the unpaid overtime wages owed under federal law.

69. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by CDM.

70. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

71. Absent a collective action, the Putative Class Members will not obtain redress of their injuries and CDM will reap the unjust benefits of violating the FLSA.

72. Furthermore, even if some Putative Class Members could afford individual litigation against CDM, it would be unduly burdensome to the judicial system.

73. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to CDM, and to the Court.

74. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

75. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether CDM required Craig and the Putative Class Members to work more than 40 hours during individual work weeks;

   b. Whether CDM paid Craig and the Putative Class Members a guaranteed salary;

   c. Whether CDM's decision to pay Craig and the Putative Class Members straight time for overtime was made in good faith;

   d. Whether CDM's violation of the FLSA was willful; and

   e. Whether CDM's illegal pay practices were applied to Craig and the Putative Class Members.

76. Craig and the Putative Class Members sustained damages arising out of CDM's illegal and uniform employment policy.

77. Craig knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

78. Craig will fairly and adequately represent and protect the interests of the Putative Class Members.

79. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION

80. Craig incorporates the preceding paragraphs.

81. By failing to pay Craig and the Putative Class Members overtime at one-and-one-half times their regular rates, CDM violated the FLSA's overtime provisions.

82. CDM owes Craig and the Putative Class Members overtime pay at the proper overtime rate.

83. CDM investigated the legality of its classification of Craig and the Putative Class Members as exempt from the overtime requirements of the FLSA.

84. As a result of that investigation, CDM reclassified employees staffed to FEMA as non-exempt and began paying time and a half overtime.

85. Because CDM knew, or showed reckless disregard for whether, its pay practices violated the FLSA, CDM owes these wages for at least the past three years.

86. CDM is liable to Craig and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

87. Craig and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

88. Craig demands a Jury trial.

## PRAYER

Craig prays for relief as follows:

a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all the other hourly workers like him;

b. A judgment finding CDM liable to Craig and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

d. An award of such other and further relief as may be necessary and appropriate.

                      Respectfully submitted,

By: */s/ Philip J Gordon*
    **Philip J. Gordon**
    Mass. BBO# 630989
    **Kristen M. Hurley**
    Mass. BBO# 658237
    **GORDON LAW GROUP, LLP**
    585 Boylston St.
    Boston, MA 02116
    617-536-1800 – Telephone
    617-536-1802 – Facsimile
    pgordon@gordonllp.com
    khurley@gordonllp.com

AND

**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
(pending *pro hac vice*)
**Richard M. Schreiber**
State Bar No. 24056278
(pending *pro hac vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

AND

        Richard J. (Rex) Burch
        Texas Bar No. 24001807
        (pending *pro hac vice*)
        **BRUCKNER BURCH, PLLC**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        713-877-8788 – Telephone
        713-877-8065 – Facsimile
        rburch@brucknerburch.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**